```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION
                      1:04CV137-MU-02
```

```
JAMES L. SANFORD,                )
    Plaintiff,                   )
                                 )
      v.                         )
                                 )
CLEVELAND COUNTY SHERIFF'S       )        O R D E R
  DEPARTMENT; and                )
CORPORAL SCOTT TRAMMEL,          )
  Cleveland County Sheriff's     )
  Department Employee,           )
    Defendants.                  )
_____)
```

**THIS MATTER** comes before the Court on the defendant's document captioned as "Answer To Complaint And Counterclaim; Demand For Jury Trial."

According to the pertinent Court records, on July 20, 2004, the plaintiff filed a form-Complaint under 42 U.S.C. § 1983 in this Court. Such Complaint alleges that on November 12, 2001, the defendant, an employee of the Cleveland County Sheriff's Department, assaulted the plaintiff after the two men had engaged in a fist fight. The plaintiff claims that the assault by defendant Trammel caused his eye and face to swell, for which injuries a jail physician reportedly prescribed four or five medications. Consequently, by an Order filed August 26, 2004, the undersigned directed the defendant to file a response to the plaintiff's Complaint.

To that end, on September 20, 2004, the defendant, through

his attorney, filed the instant Answer and Counterclaim with the Court.  By the Answer portion of that document, counsel for the defendant asserts that on the date in question, the defendant and another Jailer went to the plaintiff's cellblock after having heard "excessive noise" coming from inmates in that area.  Once in the area, the defendant reportedly told the plaintiff that he could be placed in restraints for his behavior, but the plaintiff responded that he "would not be put in the chair."  Apparently based upon the plaintiff's declaration, the defendant reportedly entered the plaintiff's cell in order to handcuff him and walk him to an administrative detention cell.  However, the plaintiff "initially refused to comply" in some manner, but subsequently agreed to be handcuffed and walked out of his cell.

Counsel for the defendant further reports that at some point and for some unspecified reason--before the two men arrived at the administrative detention cell--the defendant removed the plaintiff's handcuffs, at which point the plaintiff "coldcocked" the defendant.  After that, the defendant and the plaintiff reportedly "trad[ed] blows."  According to counsel for the defendant, it ultimately took the efforts of three jailers to overcome the plaintiff's combativeness and to restrain him on the floor.  After the plaintiff was restrained, the other jailers finally walked the plaintiff to the administrative detention cell.  Based upon the defendant's version of the facts, defense

2

counsel contends, inter alia, that the defendant is entitled to qualified immunity.

As for his counterclaim, counsel for the defendant asserts that the plaintiff's conduct amounted to an "unlawful[] batter[y]" without provocation while the defendant was engaged in the lawful performance of his duties as a Jailer. Defense counsel further asserts that such battery caused physical injuries to the defendant for which the defendant sought and received medical treatment, and that the assault also caused the defendant an unspecified "emotional injury." Additionally, counsel for the defendant claims that the plaintiff acted "maliciously and with a wanton disregard for [his] safety. . . ." As a result, the defendant is seeking both compensatory and punitive damages from the plaintiff.

After carefully reviewing the defendant's Counterclaim, the Court finds that the plaintiff should be required to file an Answer or other appropriate response to that matter. That is, the defendant's counter-allegations, if proven, could support a conclusion that the plaintiff committed an assault upon the defendant. Therefore, the plaintiff will be ordered to respond to the defendant's allegations as hereafter directed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. No later than thirty (30) days from the date of this Order, the plaintiff shall file with this Court an Answer to the

defendant's allegations as set forth in the Counterclaim. The plaintiff's Answer or responsive pleading shall conform with the requirements of Federal Rules of Civil Procedure 8(b) and (c) and/or Rule 12(b).[1]

2. The plaintiff shall serve his Answer or responsive pleading upon defense counsel, Mr. Scott D. MacLatchie at Womble Carlyle Sandridge & Rice, 301 S. College Street, Suite 3500, Charlotte, N.C. 28202.

3. **Failure to respond to the defendant's counterclaim as herein provided could result in the entry of a default against the plaintiff on the defendant's counterclaim.**

**SO ORDERED.**

Signed: July 7, 2006

Graham C. Mullen
United States District Judge

---

[1] In general, Rule 8(b) states that a party's answer should consist of a short and plain statement of his defense(s) to each claim asserted, and such answer should admit or deny the factual statements upon which the defendant's cross claims rely. If the plaintiff is without knowledge or information sufficient to form a belief as to the truth of such factual statement, the plaintiff should say so. Rule 8(c) provides that a party shall set forth any affirmative defense or any matter which constitutes avoidance of the claim in his answer. In the alternative, Rule 12(b) permits the plaintiff to present defenses which challenge personal and subject matter jurisdiction, venue, process, the sufficiency of service of process, the sufficiency of the claim and the joinder of parties by a motion to the Court, seeking a dismissal of the claim(s) on one or more of those grounds.