```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION
                      1:04CV137-MU-02
```

```
JAMES L. SANFORD,              )
    Plaintiff,                 )
                               )
     v.                        )
                               )
CLEVELAND COUNTY SHERIFF'S     )       O R D E R
  DEPARTMENT; and              )
CORPORAL SCOTT TRAMMEL,        )
  Cleveland County Sheriff's   )
  Department Employee,         )
    Defendants.                )
_____)
```

**THIS MATTER** comes before the Court on its own motion.

According to the pertinent Court records, on July 20, 2004, the plaintiff filed a form-Complaint under 42 U.S.C. § 1983 in this Court. Such Complaint alleged that on November 12, 2001, the defendant, an employee of the Cleveland County Sheriff's Department, assaulted the plaintiff after the two men had engaged in a fist fight. The plaintiff claimed that the assault by defendant Trammel caused his eye and face to swell, for which injuries a jail physician reportedly prescribed four or five medications. Consequently, by an Order filed August 26, 2004, the undersigned directed the defendant to file a response to the plaintiff's Complaint.

To that end, on September 20, 2004, the defendant, through his attorney, filed the instant Answer and Counterclaim with the Court. By the Answer portion of that document, counsel for the

defendant asserted that on the date in question, the defendant and another Jailer went to the plaintiff's cellblock after having heard "excessive noise" coming from inmates in that area.  Once in the area, the defendant reportedly told the plaintiff that he could be placed in restraints for his behavior, but the plaintiff responded that he "would not be put in the chair."  Apparently based upon the plaintiff's declaration, the defendant reportedly entered the plaintiff's cell in order to handcuff him and walk him to an administrative detention cell.  However, the plaintiff "initially refused to comply" in some manner, but subsequently agreed to be handcuffed and walked out of his cell.

Counsel for the defendant further reported that at some point, and for some unspecified reason--before the two men arrived at the administrative detention cell--the defendant removed the plaintiff's handcuffs, at which time the plaintiff "coldcocked" the defendant.  After that, the defendant and the plaintiff reportedly "trad[ed] blows."  According to counsel for the defendant, it ultimately took the efforts of three jailers to overcome the plaintiff's combativeness and to restrain him on the floor.  After the plaintiff was restrained, the other jailers finally walked the plaintiff to the administrative detention cell.  Based upon the defendant's version of the facts, defense counsel contended, inter alia, that the defendant is entitled to qualified immunity.

2

As for his counterclaim, counsel for the defendant asserted that the plaintiff's conduct amounted to an "unlawful[] batter[y]" without provocation while the defendant was engaged in the lawful performance of his duties as a Jailer. Defense counsel further asserted that such battery caused physical injuries to the defendant for which the defendant sought and received medical treatment, and that the assault also caused the defendant an unspecified "emotional injury." Additionally, counsel for the defendant claimed that the plaintiff acted "maliciously and with a wanton disregard for [his] safety. . . ." As a result, the defendant asked for both compensatory and punitive damages from the plaintiff.

In any event, after the defendant's counterclaim was filed, the Court entered an Order, allowing the defendant to proceed with that state law matter and directing the plaintiff to file an Answer or other appropriate response to that matter. Such Order was entered on the record and mailed to the plaintiff on July 7, 2006. However, on July 24, 2006, that Order was returned to the Court with a notation reflecting that it was undeliverable because the plaintiff "[could not] be located in the system."

Nevertheless, on August 2, 2006, a second attempt to serve the plaintiff with a copy of the Court's Order was made. That time, the Order was mailed to an address which the plaintiff previously had listed with the Court. Once again, however, the

3

Court's Order was returned with a notation that the plaintiff was "not known."

Consequently, on August 10, 2006, the undersigned's Law Clerk attempted to ascertain the plaintiff's whereabouts by conducting a computerized search within the N.C. Department of Correction's inmate locator database. According to that search, the plaintiff was paroled from the N.C. Department of Corrections on or about May 30, 2006.

In light of the fact that the plaintiff has failed in his obligation to keep the Court apprised of his whereabouts, and the Court has been unable to determine such whereabouts on its own, the plaintiff's claim will be dismissed for his failure to prosecute this matter. Furthermore, in light of this Court's dismissal of the plaintiff's claim, it likewise must dismiss the defendant's counterclaim since the Court will no longer have the authority to adjudicate such state law issues.

Indeed, in consideration of three of the four factors which must be addressed, the Court expressly finds that the plaintiff has failed in his responsibility to keep the Court informed of his address; that the defendant will not be prejudiced by the dismissal of this action, particularly since he still is free to press his counterclaim in the North Carolina Court system; and that in light of the plaintiff's status as a pauper, the Court does not believe that it has at its disposal any other meaningful

4

but less drastic sanctions.  See Fed.R.Civ.P 41(b); and <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978).

Consequently, the plaintiff's claim is **DISMISSED** for his failure to prosecute that matter; and the defendant's counter-claim also is **DISMISSED** for the Court's lack of authority to exercise pendent-claim jurisdiction over it.

**SO ORDERED.**

Signed: August 10, 2006

Graham C. Mullen
United States District Judge